# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | 21-12416 |
| | ) | |
| **JOSE MENDEZ,** | ) | **Chapter 13** |
| | ) | |
| Debtor. | ) | **Hon. Judge: CASSLING** |

## NOTICE OF MOTION

*To the following persons or entities who have been served via electronic mail:*
U.S. Bankruptcy Trustee: USTPRegion11.ES.ECF@usdoj.gov
Thomas H. Hooper, Chapter 13 Trustee: Thomas.h.hooper@55chapter13.com

*To the following persons or entities who have been served:* See attached list

PLEASE TAKE NOTICE that on **November 18, 2021**, at **9:30 A.M.**, I will appear before the Honorable Judge **CASSLING**, or any judge sitting in that judge's place, and present the **Motion to Compel Turnover Under 11 U.S.C. 542(a)**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **161 414 7941** and the password is **619**. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

## PROOF OF SERVICE

The undersigned certifies that copies of this Notice and attachments were served to the listed persons or entities as indicated. If service by mail was indicated, the undersigned certifies that copies of this Notice and attachments were served to the listed persons or entities by depositing same in the U.S. Mail at Wheeling, Illinois 60090, on or before November 4, 2021, at 5:30 p.m., with proper postage prepaid, unless a copy was provided electronically by the Bankruptcy Court.

DATE OF SERVICE: November 4, 2021     /s/ Robert C. Bansfield Jr.
Robert C. Bansfield Jr., A.R.D.C. #6329415

Attorney for the Debtor
DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100
rbansfield@davidmsiegel.com

*To the following persons or entities who have been served via U.S. Mail*:

Jose Mendez
1707 W. 102nd St.
Chicago, IL 60643

Celia Meza
Corporation Counsel
City of Chicago Department of Law
121 North LaSalle Street Suite 600
Chicago, IL 60602

City of Chicago Parking
Department of Finance
PO Box 6330
Chicago, IL 60680

Arnold Scott Harris, P.C.
111 West Jackson Blvd. Suite 600
Chicago, IL 60604

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | 21-12416 |
| | ) | |
| JOSE MENDEZ, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. Judge: CASSLING |

## MOTION TO COMPEL TURNOVER UNDER 11 U.S.C. 542(a)

NOW COMES the Debtor, **Jose Mendez**, by and through her attorneys, David M. Siegel & Assoc., LLC, to present this Motion, and in support thereof states as follows:

1) This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois Eastern Division.

2) On October 29, 2021, the Debtor filed a voluntary petition for relief pursuant to Chapter 13 under Title 11 USC, and Thomas H. Hooper was appointed the Trustee in this case. The Plan has not yet been confirmed.

3) On or around October 28, 2021, prior to the filing of this bankruptcy, Debtor's 2011 Ford F150 ("Ford"), License Plate #99868PV, was impounded by the City of Chicago.

4) Shortly thereafter, Debtor filed this bankruptcy case. One of the main reasons for filing this case was for Debtor to retrieve her car back from the City of Chicago.

5) Upon filing this case, Debtor's counsel requested that the Ford be returned to the Debtor but the request was denied.

6) Pursuant to 11 U.S.C. § 542(a), "…an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to

the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

7) Pursuant to 11 U.S.C. §§1303 and 1306, debtors in Chapter 13 have the rights and powers of a trustee in certain circumstances and debtors have a right to remain in possession of the bankruptcy estate. An action to turnover property of the bankruptcy estate is once such circumstance.

8) Supreme Court Justice Sotomayor stated recently that "§542(a) 'imposes a duty of turnover that is mandatory when the statute's conditions...are met.'" *City of Chicago, Illinois v. Fulton*, 141 S. Ct. 585, 593 (2021) (Sotomayor, J., concurring) (citing Brief for Petitioner 37).

9) Those conditions are that the property is property of the bankruptcy estate, that the Debtor can exempt such property, and that the property is a value to the estate. *Id.*

10) Debtor's Nissan is property of the bankruptcy estate as defined under 11 U.S.C. §541. Debtor has claimed an exemption on the Ford. See Schedule C of Debtor's Bankruptcy Petition. Debtor's Ford is a great value to the bankruptcy estate because Debtor needs the vehicle to get to and from work, which he needs to get to in order to complete her Chapter 13 Plan.

11) While Federal Rule of Bankruptcy Procedure 7001(a) states that a proceeding to recover property must be brought as an adversary proceeding, the word "recover" does not appear in 11 U.S.C. § 542(a). Instead, the section uses the word "deliver".

12) "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972).

13) The language in 11 U.S.C. § 542(a) and Federal Rule of Bankruptcy Procedure 7001(a) are different from one another and therefore, a motion to compel turnover does not need to be brought as an adversary proceeding.

WHEREFORE, the Debtor, **Jose Mendez**, prays that this Honorable Court enter an Order to Compel Turnover of the Ford and for other such relief as the Court deems fair and proper.

Respectfully Submitted,

/s/ Robert C. Bansfield Jr.
Robert C. Bansfield Jr., A.R.D.C. #6329415
Attorney for the Debtor

David M. Siegel & Associates, LLC
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100
rbansfield@davidmsiegel.com